UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| BRUCE EDGAR SMITH, ) | Civ. 12-4105-KES |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER GRANTING LEAVE TO |
| ) | PROCEED IN FORMA PAUPERIS |
| DR. CHRIS DAVIDSON, doctor for ) | AND DISMISSING CASE |
| the Health Service/Mental Health ) | |
| Department, State of South Dakota ) | |
| State Penitentiary, Sioux Falls, S.D.; ) | |
| DEPARTMENT OF HEALTH AND ) | |
| HUMAN SERVICES, the Mental ) | |
| Health Department; ) | |
| ) | |
| Defendants. ) | |

Plaintiff, Bruce Edgar Smith, filed a pro se civil rights lawsuit against defendants. Smith is incarcerated at the South Dakota State Penitentiary in Sioux Falls, South Dakota. Smith moves for leave to proceed in forma pauperis.

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, requires "[a] prisoner seeking to bring a civil action . . ." to make an initial partial filing payment where possible, even if in forma pauperis status is sought. When an inmate seeks in forma pauperis status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan. *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (internal citations omitted). Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

>   (A)   the average monthly deposits to the prisoner's account; or
>   (B)   the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Smith has indicated the average of the monthly deposits to his account is $24, and the average monthly balance of his account is $71.61. *See* Docket 4, Prisoner Trust Account Report. Smith must pay a partial filing fee of $14.32, which is 20 percent of $71.61. Thus, Smith is granted in forma pauperis status.

But the inquiry does not end there. The PLRA also requires this court to "screen" Smith's complaint to determine whether it should be dismissed. Section 1915 provides an action must be dismissed if the court determines the claim "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## STANDARD OF REVIEW

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." *Allen v. Purkett,* 5 F.3d 1151, 1153 (8th Cir. 1993) (citations omitted). A plaintiff's complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965; *Abdullah v. Minnesota*, 261 Fed. App'x 926, 927 (8th Cir. 2008) (citing *Twombly* and noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

## DISCUSSION

Smith alleges that defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. "A prisoner's Eighth Amendment rights are violated if prison officials show 'deliberate indifference' to the prisoner's 'serious medical needs.' " *Olson v. Bloomberg*, 339 F.3d 730, 735 (8th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Smith must demonstrate: "(1) that he suffered from objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000). "A serious medical need is one that has been diagnosed by a physician as requiring treatment or one that is so obvious even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). "Deliberate indifference may be manifested by prison

doctors in responding to the prisoner's needs or by prison officials in intentionally denying or delaying access to medical care or intentionally interfering with prescribed treatment." *Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002). But medical malpractice alone is not actionable under the Eighth Amendment. "For a claim of deliberate indifference, 'the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.' " *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (quoting *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)).

Smith asserts that defendants have been deliberately indifferent to his medical needs because "Dr. Davidson decided to fool around with dosaga [sic] and he really wanted to take me off this Seriquil [sic] for it was suppose [sic] to have so menny [sic] sidafects [sic]." Docket 1 at 5. "So he started adjusting the medication over several months. I then started to cycle again but he kept on doing it until I told him that I did not care if it may kill me, for this medication did keep me stable[.]" *Id.* Dr. Davidson then "left it alone until May 2012, whare [sic] he started doing this again." *Id.* "He stoped [sic] my Seriquil [sic] XR 300 mg, and changed it to Seriquil [sic] 300 mg., which is a faster delivery type of Seriquil[.]" *Id.* Smith contends that the new drug would "knock [him] out and make him sleep for two nights and one full day long." *Id.* at 6. Smith also contends that he finally stopped taking it and then "started cycling like crazy."

*Id.* Smith continues to reiterate these claims for several pages, noting that he has had bipolar disorder his entire life. Smith contends he is still having side effects from the drug change and cannot go back to work.

Seroquel is used to treat certain mental/mood conditions, including bipolar disorder and schizophrenia. *See* WebMD, Drugs & Medications, Seroquel Oral, http://www.webmd.com/drugs/drug-4718- Seroquel+Oral.aspx?drugid=4718&drugname=Seroquel+Oral (last visited July 24, 2012). According to Smith's complaint, Dr. Davidson attempted to transition Smith to a different type of drug because of concerns over side effects from Seroquel XR. Although Smith contends that the symptoms of his bipolar disorder worsened after his medication was changed, he has at most alleged a negligence claim. Smith was receiving treatment for his mental health condition at all times. A disagreement with a treatment decision does not rise to the level of deliberate indifference. Thus, Smith has failed to state a claim for deliberate indifference to his medical needs under the Eighth Amendment and his claim is dismissed pursuant to 28 U.S.C. § 1915.

Smith also moves for default judgment because defendants (who have not been served with his complaint) have not responded, seeks a subpoena for his medical records, and asks this court to issue summonses. Docket 7. Because defendants do not have an obligation to answer the complaint until it is served on them, Smith is not entitled to a default judgment against defendants.

Furthermore, because Smith's complaint is dismissed pursuant to § 1915, his request for subpoenas and summonses are is denied as moot.

## STRIKES AND THE FILING FEE

Prior to screening this case pursuant to 28 U.S.C. § 1915, this court searched its docket to determine if Smith had been assessed "strikes" under that statute. A review of this court's docket reveals that Smith has previously been assessed strikes. *See* Civ. 01-4193, Docket 8. Dismissal of this lawsuit will be considered Smith's second "strike" for purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, Smith is warned that if he receives a third strike, he will no longer be permitted to litigate in forma pauperis unless he can show imminent danger of serious physical injury.

Despite the dismissal of Smith's case pursuant to the screening procedures of § 1915, he is still obligated to pay the filing fee. *In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1134 (6th Cir. 1997). The obligation to pay a filing fee accrues the moment a plaintiff files his complaint with the court, and it cannot be avoided merely because the case is eventually dismissed. *In Re Tyler,*

110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). Accordingly, it is

ORDERED that Smith's motion for leave to proceed in forma pauperis (Docket 3) is granted.

IT IS FURTHER ORDERED that Smith's complaint is dismissed pursuant to 28 U.S.C. § 1915.

IT IS FURTHER ORDERED that Smith's motion for default judgment (Docket 7) is denied as moot.

IT IS FURTHER ORDERED that the institution having custody of the plaintiff is hereby directed that whenever the amount in plaintiff's trust account exceeds $10, monthly payments that equal 20 percent of the funds credited the preceding month to the plaintiff's trust account will be forwarded to the U.S. District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee is paid in full. Plaintiff is advised that the fee for filing this civil action is $350, and he remains fully responsible for the fee.

Dated July 25, 2012.

                              BY THE COURT:

                              /s/ *Karen E. Schreier*
                              KAREN E. SCHREIER
                              CHIEF JUDGE